**ALLIANCE MACH. CO. v. UNITED STATES.**

No. 15514.

District Court, N. D. Ohio, E. D.

Mar. 10, 1931.

Wallick & Shorb, of Washington, D. C., for plaintiff.

W. J. Mahon, U. S. Atty., of Cleveland, Ohio.

WEST, District Judge. ·

Plaintiff's return for 1917 disclosed taxes of $456,074.26 which it paid on June 25, 1918. A net additional assessment of $8,542.19 for 1917 was made on January 15, 1921, and paid on January 31, 1921. March 16, 1921, plaintiff filed its return for 1920 showing taxes due $135,711.45, of which $33,930.45 was then paid, leaving $101,781 unpaid.

On June 14, 1921, plaintiff filed amended returns for 1909 to 1920, inclusive, indicating total overpayments 1909 to 1919, inclusive, of $218,322.47 and the correct tax for 1920 as $129,802.04. The amended return for 1917 stated taxable income, $850,095.66; taxes, $432,243.61; and overpayments, $32,473.34.

With said amended returns plaintiff filed the following claims:

For abatement of 1920
 tax ................$5,909.41
For credit against 1920
 tax, alleged overpay-
 ments 1909 to 1919...    $ 95,871.59
For refund, the balance
 of alleged overpay-
 ments 1909 to 1919...    122,450.88
                          -----------
                          $218,322.47

Said claims state, as their bases, errors in treatment of capital account, depreciation, and other substantial errors in accounting, as disclosed by audit of plaintiff's books and records by tax specialists and accountants.

On November 30, 1921, prior to action upon these claims, plaintiff filed with the commissioner its application for redetermination of tax liability for 1917 and 1918 under section 210, Revenue Act 1917 (40 Stat. 307), and sections 327 and 328, Revenue Act 1918 (40 Stat. 1093). In this application net income for 1917 was stated to have been $850,095.66 as shown by amended return for that year, instead of $896,166.91 shown on the original. And it was claimed that the tax of $432,243.61, being 50.8 per cent. of its total net income, was unreasonably high and resulted from the taxpayer's failure to secure in its invested capital an adequate allowance for some twenty-eight patents owned by it.

This application was allowed as to 1917 only, and on March 9, 1923, the commissioner notified the plaintiff that its assessment under section 210, Revenue Act 1917, resulted as follows:

Net income, $862,995.55; total tax assessable, $368,802.88; overassessment indicated, $95,803.57; and that the overassessment indicated would be made the subject of a certificate of overassessment to be scheduled and presented as promptly as possible.

Prior to this, on February 20, 1923, the commissioner notified plaintiff that its 1917 return had been due for filing on April 1, 1918; that no refund or credit could be made after five years from that date, unless before expiration of the five-year period a claim was filed; that said return had not been completely audited, but a possible overassessment of $95,803.57 was indicated, and advising it to file a claim for any amount believed to be in excess of the correct liability. And therewith the proper form for such claim was inclosed, and plaintiff was told it should be filed on or before April 1, 1923, to insure protection of the taxpayer's interests.

In response to this suggestion plaintiff promptly on March 10, 1923, filed its claim for refund of the overassessment of $95,803.57, stating thereon that the application should be allowed, not for the reasons given in its former claims, but "in accordance with instructions received from Washington."

On May 2, 1923, the claim was allowed and the overassessment credited against the unpaid balance of taxes for 1920, of $101,781.

Afterwards, upon plaintiff's complaint that it was entitled to interest upon the credit, the commissioner allowed and paid $191.90, being interest at 6 per cent. on the portion of the overassessment and credit representing the additional assessment of $8,542.19, from date of its payment, January 31, 1921, to June 15, 1921, when the second installment of 1920 taxes became due; but refused to allow any further interest, for which this action is brought.

The question is controlled by section 1324 (a), Revenue Act 1921 (42 Stat. 316), which provides that upon the allowance of a claim for the refund or credit of taxes paid, interest shall be allowed and paid to the date of such allowance, to wit, if paid pursuant to an additional assessment, from the time such additional assessment was paid, or if not paid under protest or pursuant to additional as-

sessment, from six months after the date of filing of such claim.

The second installment of the tax for 1920 was due June 15, 1921, and notice and demand having been previously made, it thereafter bore interest at least equal to the interest on the additional assessment for 1917. Consequently the commissioner was right in refusing to allow interest on $8,542.19 of the credit beyond that date. Andrews Steel Co. v. U. S. (Ct. Cl.) 42 F.(2d) 573; Irving Bank-Columbia Trust Co. v. U. S. (Ct. Cl.) 44 F.(2d) 881.

As to the remainder of the credit allowed, the plaintiff contends that claims therefor were filed on June 14, 1921, and that interest should be allowed from December 14, 1921; or if under the circumstances and in view of the application for reassessment under section 210, Revenue Act 1917, the complete claims cannot be regarded as having been filed on the earlier date, that they were at all events perfected as claims when such application was filed on November 20, 1921, and interest should be computed from six months thereafter, to wit, May 20, 1922.

But neither of these was the claim allowed, and it is from six months after the date of filing of the claim allowed, that the interest is to be computed. The only claim allowed was that filed on March 10, 1923, at the suggestion of the commissioner.

If plaintiff wished to test its right to interest as upon the allowance of a claim filed on June 14, 1921, or completed on November 20, 1921, it could have done so by taking the position that the claim or claims already on file were sufficient, and refusing to file a further claim on the basis suggested, i. e., in accordance with instructions received from Washington. It is useless to speculate upon the validity and sufficiency of the claims of earlier date, either for abatement, credit, or refund. They show upon their face and by the accompanying papers that they were based on alleged overpayments for all the years 1909 to 1919, and not merely for 1917, and arose from incorrect bookkeeping in respect of capital account, depreciation, etc., and not because the plaintiff's tax for 1917 was unreasonably high as compared with that of other similar concerns, due to failure to secure adequate allowance in invested capital for its valuable patents, which contention, being approved by the commissioner, was the basis of the claim filed on March 10, 1923.

That claim was not merely a claim of a later date, but was a different claim from any previously filed, and whether or not it was the only valid claim filed, it certainly was the only claim which the commissioner allowed. It was not suggested by the commissioner or filed by the plaintiff to correct some imperfect claim already before the department, but as a claim complete in itself. Having filed it and secured its allowance, the plaintiff cannot now repudiate it or assert for it a character it was never intended to possess. As it was filed within six months of its allowance, no interest was chargeable against the government, except in respect of the additional assessment, which has been paid.

Judgment for defendant.